**Lawyer McKINNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60259.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 17, 1982.

Barry J. O'Keefe, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Alvin M. Titus and Larry Knapp, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

### OPINION ON COURT'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for burglary of a building. After finding appellant guilty, the jury assessed punishment, enhanced by a prior felony conviction, at 25 years.

This cause has been resubmitted on the court's motion with regard to the manner by which a panel of this Court, on original submission, disposed of appellant's first three grounds of error. In those grounds of error, appellant contended the court erred in refusing to submit his specially requested jury charges on the lesser included offense of criminal trespass.

Reverand James Franklin, of the St. James Baptist Church in Houston, testified that the church was burglarized on November 4, 1977. In response to a telephone call, Franklin went to the church at 2:30 a. m. and found the front door open. He related that the church is not open to the public at that hour of the day. Franklin found that two microphones and some space heaters had been taken from the church.

Appellant denied commission of the offense. He stated that he found the stolen items in a ditch next to the church.

On original submission, 615 S.W.2d 223, the panel found no error in the court refusing to submit appellant's requested charge on the lesser included offense of criminal trespass. In stating the rule of law applicable to the necessity of charging on a lesser included offense, the panel stated "a lesser included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction in a lesser included offense." In support of this standard, the panel cited numerous federal authorities.

In *Day v. State*, 532 S.W.2d 302, it was held that criminal trespass can be a lesser included offense of burglary of a building. In *McBrayer v. State*, 504 S.W.2d 445, it was held that merely because a lesser offense is included within the proof of a greater offense, a jury charge on the lesser is not required unless there is testimony raising such issue that the defendant, if guilty, is guilty only of the lesser offense. In the recent case of *Royster v. State*, 622 S.W.2d 442, it was stated:

> "Thus, in determining whether a charge on a lesser included offense is required, a two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Eldred v. State*, 578 S.W.2d 721. This Court has consistently employed the two-step analysis in recent opinions dealing with the necessity of a charge on a lesser included offense."
> Id. at 446.

In the instant case, while proving the burglary of a building, the State likewise proved that appellant committed the offense of criminal trespass. However, as noted above, appellant denied commission of the offense. Therefore, there was no evidence presented at trial which showed that appellant, if guilty, was only guilty of the lesser included offense of criminal trespass. We find no error in the court refusing to submit appellant's specially requested jury charges on the lesser included offense of criminal trespass. Therefore, although the panel opinion failed to rely on the rule heretofore established by the cases of this Court, the disposition made of the grounds of error was nevertheless correct.

We agree, after rehearing, that the judgment was properly affirmed on original submission.