**Herman Hayward JOHNSON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–82–0176–CR.**

Court of Appeals of Texas, Amarillo.

Dec. 12, 1983.
Discretionary Review Refused March 7, 1984.

Wardroup & Thomas, Richard L. Wardroup, Lubbock, for appellant.

John T. Montford, Dist. Atty., Yvonne M. Faulks, Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

DODSON, Justice.

The appellant was convicted of burglary. Tex.Penal Code Ann. § 30.02(a)(1) (Vernon 1974). The court assessed his punishment at twelve (12) years confinement. By four grounds of error, the appellant claims his conviction should be reversed because: there is no evidence of an illegal entry; the evidence is insufficient to show that the area he allegedly burglarized was a building; and, the court erred in the charge. Concluding that the appellant's grounds of error do not present cause for disturbing the judgment, we affirm.

At approximately 7:30 p.m. on Sunday, 7 June 1981, the appellant went into the United Supermarket located in the 5300 block of Avenue Q in Lubbock. At approximately 7:40 p.m. on that day, a customer in the store reported to the manager that a person was in the pharmacy. The store manager checked out the report and saw the appellant duck-walking in a squatted position behind the counter in the pharmacy department. The store manager went to the front of the store and told the on-duty security guard of the appellant's presence in the pharmacy department. The security guard, a lieutenant with the Texas Department of Public Safety, went to the pharmacy, drew his weapon and told the appellant to stand up. After a third order the appellant stood up and said he had nothing. The security guard apprehended the appellant and turned him over to the Lubbock Police Department. The Lubbock Police Department investigated the incident.

By his first ground of error, the appellant claims the trial court erred by overruling his motion for a directed verdict

because there is no evidence to show an illegal entry into the pharmacy area of the supermarket in question. In determining the appellant's evidentiary challenge, the applicable standard for review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Cr.App.1983).

Under the above ground of error, the appellant first argues that although he was apprehended in the pharmacy area, his mere presence in that area is insufficient to show an entry as required by section 30.-02(a)(1). We disagree. In this instance, the indictment, in pertinent part, alleged that the appellant "did intentionally and knowingly enter a portion of a building, to wit: the Pharmacy Department, not then and there open to the public." In that regard, section 30.02(a)(1) of the Texas Penal Code provides that "[a] person commits an offense if, without the effective consent of the owner, he *enters* a habitation, or a building (*or any portion of a building*) not then open to the public, with intent to commit a felony or theft." (Emphasis added.) Section 30.02(b)(1) provides: "[f]or purposes of this section [*i.e.,* 30.02], 'enter' means to intrude any part of the body."

The evidence shows that the supermarket is a building with four walls and a roof. The pharmacy department is located inside the supermarket and is delineated by three walls and a front counter (which is approximately four or five feet in height). Medicines are dispensed to customers from the counter. There are two doors to the pharmacy department. The pharmacist is the only person with a key to the locks on the doors. The pharmacy department was closed to the public on Sunday, 7 June 1981, and had been so closed since 1:00 p.m. on the preceding Saturday.

■ The evidence further shows that there were only two methods to enter the pharmacy department, either by walking through one of the doors to the area or by climbing over the counter. Although the witnesses testified that the doors to the pharmacy were closed, the appellant claims the evidence fails to show an illegal entry because no one could state that the doors were locked at the time in question. However, under the statutory definition of "enter" a person makes an unlawful entry by walking through an open door, when the entry is without the owner's consent. *See* Searcy and Patterson, *Practice Commentary,* Tex.Penal Code Ann. § 30.02, at 143 (Vernon 1974). In that regard, the store manager stated that he did not give the appellant his consent to enter the pharmacy department. The appellant was found and apprehended behind the counter in the pharmacy department. The evidence further shows that he could have gained entry to that area only by walking through closed doors or by climbing over the counter. In either event, the entry is unlawful under the statutory definition of "enter." *See* Tex.Penal Code Ann. § 30.02(b)(1) (Vernon 1974).

■ Under the first ground of error, the appellant further argues that the circumstantial evidence is insufficient to negate a reasonable hypothesis that he could have lawfully entered the pharmacy area and remained concealed therein until discovered (*i.e.,* burglary under section 30.02(a)(2), an offense not charged in the indictment). We do not agree. The record does not show that the appellant or any store customer could lawfully be behind the counter in the pharmacy department. Furthermore, the appellant candidly admits in his brief that he entered the supermarket at approximately 7:30 p.m. on 7 June 1981. The record shows that he was apprehended in the pharmacy department approximately 15 minutes later. The pharmacy was closed to the public at that time and had been so closed since 1:00 p.m. on the preceding day. Consequently, we conclude from the evidence before us that any rational trier of fact could have found that the appellant intentionally and knowingly entered "a portion of a building, to wit: the Pharmacy Department," which was not then and there

open to the public. The appellant's first ground of error is overruled.

■ By his second ground of error, the appellant claims the evidence is insufficient to prove that the area allegedly burglarized was a "building" under section 30.01 of the Texas Penal Code. In section 30.01(2) a "building" is defined as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." In effect, the appellant contends under this ground of error that the State had to show that the pharmacy department in the United Supermarket was a building within the main building. We disagree. Section 30.02(a)(1) specifically provides that "a person commits an offense if, without the effective consent of the owner, he enters ... a building (or any portion of a building) not then open to the public." The evidence shows that the United Supermarket was a building and that the pharmacy department was a delineated portion of that building which was closed to the public at the time in question. The appellant's second ground of error is overruled.

By his third ground of error, the appellant claims the trial court erred by charging the jury that "[o]ur law provides that a person commits the offense of burglary if, without the effective consent of the owner, he enters any portion of a building not then open to the public with intent to commit theft." The appellant's argument under this ground of error is predicated on the same premise advanced under the second ground of error, i.e., that the portion of the building allegedly burglarized does not constitute "a building on its own accord." Thus, the appellant states that the challenged portion of the court's charge authorized the jury to convict him on a theory which is not the law of this State. Our disposition of the appellant's second ground of error is dispositive of his contentions under this ground of error. The third ground of error is overruled.

■ By his last ground of error, the appellant maintains that the trial court erred by failing to charge the jury on the lesser included offense of criminal trespass because the evidence shows that if he was guilty of any offense, he was guilty of the lesser included offense. In support of this ground of error, the appellant argues "that the Pharmacy Department at the United store here in question did not constitute a building and as such he could not be guilty of the offense of burglary of a building." However, the appellant states that the evidence does show that he might be guilty of criminal trespass; therefore, he claims the court should have charged on the lesser included offense.

As we stated above, the evidence shows that the appellant was guilty of the offense charged under section 30.02(a)(1) of the Texas Penal Code. In this regard, the evidence does not show that if the appellant was guilty at all, he was guilty only of criminal trespass. Consequently, the appellant was not entitled to a charge on the claimed lesser included offense. *See Bravo v. State,* 627 S.W.2d 152, 157 (Tex.Cr.App. 1982); and *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Cr.App.1981). The appellant's fourth ground of error is overruled.

In summary, the appellant's four grounds of error are overruled. The judgment of conviction is affirmed.