**Alejandro LOPEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–216–CR.**

Court of Appeals of Texas, Corpus Christi.

Oct. 27, 1983.

Eric G. Brown, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from a conviction of burglary of a building, enhanced by two prior felony convictions. After trial by jury, punishment was assessed by the trial court at imprisonment for life. We affirm.

In his first two grounds of error, appellant challenges the sufficiency of the evidence. He first contends that the State failed to prove that appellant had recent unexplained possession of the property taken during the burglary. We note at the outset that even though this is a circumstantial evidence case we will uphold the conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Wilson v. State,* 654 S.W.2d 465 (Tex.Cr.App.1983).

Joe Garcia testified that he was the owner of Ayers Radiator and Salvage. Sometime between 3:00 p.m. on Sunday, October 25, 1981, and 8:00 a.m. on the next day, Monday, various items were removed from his radiator shop without his permission. Garcia testified that a window to his office had been broken and the only door leading to the interior of the building was open, although it had been locked the day before. He further testified that the following items were missing: a nine-inch television set, impact wrenches, air conditioning gauges, a dummy surveillance camera, a set of oxygen and acetylene tanks with cutting torch and connecting hoses, and a red tool box with the identification "Ayers Radiator Salvage" on it. Garcia further testified that appellant, who was employed at the shop, never returned to work following the burglary.

Further testimony showed that there were no signs of forced entry through the fence and gate, that the acetylene tanks each weighed approximately two-hundred pounds, and that a lady friend of the appellant returned a gate key to Garcia approximately one month after the burglary.

Ruben Torres, chief deputy for the Jim Wells County Sheriff's Department, testified that he stopped a car driven by the appellant at approximately 1:20 a.m., Monday, October 26, 1981. Torres testified that he was parked near Farm Roads 665 and 1930 observing traffic when he saw appellant's vehicle traveling in excess of the speed limit. The car was also weaving over the center line. Torres testified that the rear end of appellant's car was sitting low and that the trunk was open. He saw two acetylene tanks with a carrying cart in the trunk of the car, and he observed tool boxes, a small television set, a dummy TV camera, and a red wrench box which had on it lettering which said "Ayers Radiator Service." Appellant told Torres that he worked at Ayers Radiator. Deputy Torres detained appellant 20 to 30 minutes but did

not ticket him or arrest him. Torres testified that he had known appellant for 15 years.

Corpus Christi Police officer Bull Gamez testified that he attempted to lift fingerprints from the radiator shop but was unsuccessful.

Appellant first contends that the State failed to show that the items taken from the radiator shop were the same items in the appellant's possession on the morning of October 26. Appellant cites several cases for the proposition that where evidence of recently stolen goods is relied upon, the State must show that the items taken were the identical goods taken from the burglarized place and not merely the same brand as those stolen. *Owens v. State,* 576 S.W.2d 859 (Tex.Cr.App.1979); *Nichols v. State,* 479 S.W.2d 277 (Tex.Cr.App.1972); *Reyes v. State,* 468 S.W.2d 64 (Tex.Cr.App.1971). The above rule relied upon by the appellant is one way of excluding all reasonable hypotheses except that of appellant's guilt. Where the defendant merely possesses the same brand or type of item stolen, it may be unreasonable to conclude that the item in the defendant's possession is the same one which was stolen.

■ The items were numerous and peculiar in nature. One of the items was identified by its unique "Ayers Radiator Salvage" insignia. The items in this case were neither common in themselves nor common as a group. The evidence is sufficient to support the jury's conclusion that the items taken from the radiator shop were the same items found in appellant's possession. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the evidence is insufficient to show that the structure was a building as that term is defined in the Penal Code. "Building" means any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use. Tex.Penal Code Ann. § 30.01 (Vernon 1974). Testimony shows that Ayers Radiator is surrounded by a fence and that part of the building is open. If the entire building were open, this case would be controlled by *Day v. State,* 534 S.W.2d 681 (Tex.Cr.App.1976), wherein the Court of Criminal Appeals found that the structure allegedly burglarized was not a building as defined in the Penal Code. In the present case, however, there is evidence to show that, while a portion of the structure was open, the office portion of the structure was enclosed and separated from the remainder of the structure by doors, walls, and windows. The evidence shows that the locked offices were entered forcibly without the permission of the owner. The evidence is sufficient to show that the entered structure was a building within the definition of the Penal Code. Appellant's second ground of error is overruled.

■ In his third ground of error, appellant alleges fundamental error in the court's charge. The indictment alleges that appellant entered a building not open to the public with the intent to commit theft. In the abstract portion of the charge, the court instructed the jury that a person commits an offense if he enters a building *or any portion of a building* not open to the public. At outset, we note that the application portion of the charge tracks the indictment. This is the part of a court charge which an appellate court reviews for fundamental error, for it is this portion which authorizes conviction. *Thomas v. State,* 587 S.W.2d 707 (Tex.Cr.App.1979). See *Harris v. State,* 656 S.W.2d 481 (Tex.Cr.App.1983). Since the charge tracks the indictment, an issue of fundamental variance has not even been raised. Appellant's third ground of error is overruled.

In his fourth ground of error, appellant contends that the trial court erred in denying his pre-trial motion to suppress the testimony of Deputy Torres. Appellant contends Torres lacked probable cause to stop his car. We disagree. Deputy Torres testified that he stopped appellant's car because it was speeding. He also testified that the car was weaving over the center line.

■ The trial court, in deciding whether to suppress evidence, is the sole judge of the witness' credibility and can choose to believe or disbelieve the testimony of any

witness. *Walker v. State,* 588 S.W.2d 920 (Tex.Cr.App.1979). The testimony of Deputy Torres that appellant was speeding is sufficient evidence to support the trial court's conclusion that the stop was justified. Appellant's fourth ground of error is overruled.

■ Grounds of error five through eight allege error at the punishment phase of the trial. In ground of error five, appellant contends that the State's evidence is insufficient to show that appellant's prior conviction for rape of a child was committed after the first prior felony for burglary had become final. State's exhibit 9 shows that appellant was convicted of the offense of burglary on March 29, 1973. State's exhibit 10 shows that appellant was convicted of the offense of rape of a child on March 7, 1975. The judgment in State's exhibit 10 shows that the offense was committed on December 4, 1974, but the sentence is silent regarding the date of the offense. Appellant contends that the proof is insufficient to show the date of the commission of the offense since the date is not stated in the sentence of the rape of a child offense. Appellant's argument is without merit. The recital in the judgment of conviction specifying the date of the offense is sufficient evidence to show the date of the prior offense. *Green v. State,* 542 S.W.2d 416 (Tex.Cr.App.1976); *Rios v. State,* 623 S.W.2d 496 (Tex.App.—Corpus Christi 1981, d.r. ref'd). Appellant's fifth ground of error is overruled.

■ In grounds of error six, seven, and eight, appellant contends that the trial court erred in admitting the appellant's prior convictions because the judgments and sentences had not been signed by the trial judges in each cause. This contention is also without merit. It is well settled that the validity of a conviction is not affected by the failure of a judge to sign the judgment and sentence. *Harrell v. State,* 643 S.W.2d 686 (Tex.Cr.App.1982); *Gutierrez v. State,* 456 S.W.2d 84 (Tex.Cr.App.1970).

Appellant also argues on appeal that one of the prior convictions did not contain a certificate from the district clerk that the judgment and sentence in cause number 2854 were true and correct copies of the originals. Appellant did not raise this objection at trial. Nothing is preserved for review. Appellant's sixth, seventh, and eighth grounds of error are overruled.

■ In his ninth ground of error, appellant alleges error in the trial court's sustaining the prosecutor's objection during the punishment phase. Appellant's counsel argued to the jury that they were not required to fill out the top verdict form and assess an automatic life sentence. Appellant's counsel stated, "You are not required to fill out the top form. If that were the case, the Court wouldn't even submit it to you, it would just assess the punishment." The prosecutor objected on the grounds that counsel's argument was a misstatement of the law and an argument outside the record. The trial court sustained the prosecutor's objection. Without authority, appellant now argues that the trial court denied appellant the effective assistance of counsel in sustaining the objection. We disagree. Counsel for appellant misstated the applicable law. Appellant elected to have the jury assess punishment. The trial court would not have been permitted to "just assess the punishment." Counsel was given an opportunity to continue his argument, and he did. All grounds of error have been considered by us and we overrule all of them. The judgment of the trial court is AFFIRMED.