Ronald EVANS, Appellant,

v.

The STATE of Texas, State.

No. 2–84–206–CR.

Court of Appeals of Texas, Fort Worth.

Oct. 10, 1984.

Gene Storrs, P.C., Amarillo, for appellant.

Danny E. Hill, Dist. Atty., and Thomas Paige Brittain, Asst. Dist. Atty., Amarillo, for the State.

Before HUGHES, BURDOCK and HILL, JJ.

## OPINION

BURDOCK, Justice.

This is an appeal from a conviction for the offense of burglary of a building, in violation of TEX.PENAL CODE ANN. sec. 30.02 (Vernon 1974). Punishment was assessed by the court at life imprisonment, after the court found that the appellant had two prior felony convictions as alleged in the enhancement portion of the indictment.

We affirm.

In his first two grounds of error, appellant alleges that the evidence was insufficient to sustain a conviction because 1) the proof showed the premises where the alleged burglary occurred was not a building as defined by the Texas Penal Code, and 2) if the proof showed a building, then it failed to show the building named in the indictment was not open to the public at the time appellant entered. We disagree.

The evidence reflects that Cheryl Felty was employed as a sales clerk at the Fair Family Clothing Store on December 26, 1981 in Potter County, Texas. When Ms. Felty went to the office to pick up a layaway item, she noticed the door leading from the store to the office area ajar. Upon opening the door, Ms. Felty saw appellant kneeling near a file cabinet with a bank bag in his hand. After seeing Ms. Felty, appellant left the office and walked quickly through the store and out the front door to the street.

Ms. Felty described the office area as an enclosed portion of the store where merchandise, store records, and money are maintained. The door is normally locked. The office is not open to the public, but Ms. Felty admitted that occasionally customers are permitted to accompany the clerks into the office to examine merchandise.

Phillip Andrews testified that he is the owner of the Fair Family Clothing Store and that the office is a fully enclosed area partitioned off from the rest of the store. It is conceded that there is an open window

in the partition, but at the time of this offense some clothing racks were outside, and in front of, the open space. Once inside the office, there is a desk in front of the open space. The testimony is not developed sufficiently to determine if the office could be entered through the open space, but it would appear that anyone attempting to do so would have to first climb over the clothes racks. A photograph of the door and adjoining window were admitted into evidence. Posted on the side of the door facing the store are two signs, "Office", and "Keep Door Locked, Please".

TEX.PENAL CODE ANN. sec. 30.01(2) (Vernon 1974) defines a building as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use".

TEX.PENAL CODE ANN. sec. 30.02 (Vernon 1974), defines burglary, in relevant part, as:

(a) A person commits an offense if without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft;

Appellant maintains this structure is not a building that could be the subject of a burglary. He offers the cases of *White v. State*, 630 S.W.2d 340 (Tex.App.—Houston [1st Dist.] 1982, no pet.) and *Day v. State*, 534 S.W.2d 681 (Tex.Crim.App.1976), in support of this proposition.

In *White*, 630 S.W.2d at 340, the court affirmed a burglary conviction where the defendant was seen entering a garage that was attached to a home by the same roof. The garage itself had no front door and was otherwise not connected to the home. The court held that the garage was a structure appurtenant to, and connected to, the house, thus making the garage part of the habitation. Appellant's reliance on *White* is misplaced in that there is no question of a habitation in this cause.

In *Day*, 534 S.W.2d at 681, the Court of Criminal Appeals held that a building which served solely as a shelter for lumber in times of inclement weather was not a building within the meaning of the Penal Code when the structure had three large openings in the wall to allow trucks to drive in and pick up or deliver lumber. There were no doors to cover the openings, and the only security measure was a chain link fence that surrounded the structure and general lumber yard area. The Court in *Day* held that cutting the fence and entering the yard was criminal trespass, but entry into the structure through the opening was not burglary since the structure was little more than a shed.

The arrangement of the structure entered by appellant is closely akin to the structure in *Lopez v. State*, 660 S.W.2d 592, (Tex.App.—Corpus Christi 1983, pet. ref'd). In *Lopez*, the defendant was convicted of burglary when it was established that he entered the office portion of a radiator shop. The radiator shop was an open-air building surrounded by a fence. However, contrary to the facts in *Day*, 534 S.W.2d at 681, the office in the radiator shop was enclosed and separated from the remainder of the structure by doors, walls, and windows. In spite of this, appellant would allege the "open-air window" caused the office not to constitute a "building" and is insufficient to sustain a burglary conviction even if the office was a separate portion of the store. We find the office in the case at bar was sufficiently separated to sustain a conviction for burglary.

In *Johnson v. State*, 664 S.W.2d 420 (Tex.App.—Amarillo 1983, pet. ref'd), it was determined that the pharmacy area of a large supermarket was capable of being the subject of a burglary when the pharmacy was closed and the doors locked at a time when the supermarket was open for business. Although the pharmacy had a front counter, incapable of being closed, there could still be a burglary if entrance

to the pharmacy could only be obtained by walking through one of the doors or by climbing over the counter. We hold the structures in *Lopez,* 660 S.W.2d at 592, and *Johnson,* 664 S.W.2d at 420, are very similar to the structure herein and are controlling.

▮▮▮▮▮ Appellant would further contend the proof fails to show the area is not open to the public, and therefore a conviction for burglary cannot be sustained. We disagree. The testimony of both Ms. Felty and Mr. Andrews clearly shows the general public is not permitted to enter the office area. Only customers under the supervision of employees, and with their permission, are allowed in the office. However, the issue should be whether or not the appellant entered the office without the permission of the owner. A person can make an unlawful entry by walking through an open door when the entry is without the owner's consent. *Johnson,* 664 S.W.2d at 420; *See* Searcy and Patterson, *Practice Commentary,* TEX.PENAL CODE ANN. sec. 30.02 (Vernon 1974).

Appellant relies in part on *Hughes v. State,* 625 S.W.2d 827 (Tex.App.—Houston [14th Dist.] 1981, no pet.), which held that an engine room in a large office building that was not open to the public was a structure that could be the subject of a burglary when signs at the entrance of the room indicated the area was closed to the public and only employees of the building were permitted to enter. The signs in *Hughes* better informed the public to stay out of the room, but this is not controlling.

Appellant also directs our attention to *Williams v. State,* 537 S.W.2d 936 (Tex.Crim.App.1976), where the court sustained the burglary conviction of Williams who was observed in the chaplain's office at Baylor Hospital in Dallas. The hospital had established visiting hours, but Williams argued that there was no sign forbidding entry into the restricted area after visiting hours, and the doors to the chaplain's office were unlocked. The court found there was sufficient evidence to conclude that the chaplain's offices were not open to the public and did not give the appearance of being open to the public late at night.

This court finds support in the holdings of *Hughes,* 625 S.W.2d at 827, and *Williams,* 537 S.W.2d at 936, in that signs forbidding entry are not determinative of whether a portion of a building is open to the public. The important evidence is that the restricted area was separated from the public and the defendant did not have permission to enter that portion of the building not open to the public. TEX.PENAL CODE ANN. sec. 30.02(a)1 (Vernon 1974).

When reviewing a challenge to the sufficiency of the evidence we must do so in a light most favorable to the jury verdict. *Drager v. State,* 548 S.W.2d 890 (Tex.Crim.App.1977), and *Clark v. State,* 543 S.W.2d 125 (Tex.Crim.App.1976). We find, after reviewing all the evidence, there was sufficient evidence to show appellant entered a portion of the building not open to the public.

▮▮▮▮ In his third ground of error, appellant alleges there is a fatal variance between the language of the indictment and the proof offered at trial regarding whether a building or only a portion of the building was entered.

The indictment in pertinent part charged that appellant,

[K]nowingly and intentionally with intent to commit theft, enter a building not then open to the public, owned by Phillip Andrews, hereafter styled the complainant, without the effective consent of the complainant, ...

Appellant did not specifically object to that portion of the court's charge which read:

Our law provides that a person commits an offense if, without the effective consent of the owner, he enters a building (or any portion of a building) not then

open to the public with intent to commit a felony or any theft.

We find this ground of error identical to that discussed in *Williams,* 537 S.W.2d at 936. The indictment here was sufficient to apprise appellant of the charge against him and the court's charge to the jury did not authorize a conviction on a different theory from that on which appellant was indicted. Appellant's third ground of error is overruled.

In appellant's fourth ground of error he alleges the trial court erred when the court denied appellant's motion to quash the indictment. Appellant's fourth ground of error is patently multifarious and should not be considered. TEX.CODE CRIM.PROC. ANN. art. 40.09(9) (Vernon 1979). *Wells v. State,* 576 S.W.2d 857 (Tex.Crim.App.1979). However, in the interest of justice we shall examine appellant's fourth ground of error.

Appellant claims the indictment charging the burglary is insufficient to comply with TEX.CODE CRIM.PROC.ANN. art. 21.02, 21.09, and 21.11 (Vernon 1966). In essence, appellant complains that since only the name of the owner and the county of the location of the building are given, the indictment fails to give adequate notice of the location and the description of the building appellant is charged with entering. Appellant asserts Phillip Andrews could own several buildings in Potter County, Texas and each building could be of a different description.

These issues have been recently decided by the Court of Criminal Appeals in *Santana v. State,* 658 S.W.2d 612 (Tex.Crim.App. 1983). Noting the holding in *Nevarez v. State,* 503 S.W.2d 767 (Tex.Crim.App.1974), where it was declared that burglary is an offense which may be committed anywhere within the county and it is only necessary to allege that the offense occurred within the county, the court reaffirmed its prior decision in *Hodge v. State,* 527 S.W.2d 289 (Tex.Crim.App.1975). *Hodge* established the three criteria that have become applicable to claims of inadequate description in-

volving location within the county where the offense occurred.

> [I]t is only necessary to allege the name of the county as the place where an offense was committed, (1) if the offense may be committed anywhere within the county, (2) the place where committed is not an element of the offense, and (3) the court in which the offense is tried has countywide jurisdiction.

*Id.* at 292.

 The criteria in *Hodge,* as set forth in *Santana,* 658 S.W.2d at 612, apply to claims of defective description whether raised by overruling of a motion to quash or by allegation of fundamental defect. Further, if a specific location is not an element of the offense, only the county need be alleged. *Denison v. State,* 651 S.W.2d 754 (Tex.Crim.App.1983). This portion of appellant's fourth ground of error is overruled.

In the following portions of appellant's fourth ground of error, he attacks the use of a prior conviction of theft for enhancement purposes. Appellant claims variances existed in the pen packet marked State's exhibit #7 and the proof necessary to show the prior conviction.

 Initially, appellant complains that the fingerprint card in the pen packet shows the appellant to be a white man instead of a black man. This variance of the race of the appellant goes to the weight given the pen packet and not to the admissibility. We note that the record reflects that Potter County Deputy Sheriff, Claude Stephens, testified that he took the fingerprints of appellant and compared those fingerprints with the fingerprint cards in each of the pen packets. Officer Stephens testified that the fingerprints that he took from appellant were identical to those in the pen packet. This is sufficient to prove the accused was the same person previously convicted. *Jones v. State,* 500 S.W.2d 661 (Tex.Crim.App.1973).

■ Next, appellant complains that the indictment charged the appellant with having previously been convicted of the offense of "Theft over $200.00" while the transfer order contained in the pen packet, transferring the appellant from Potter County to the Texas Department of Corrections, reflects the appellant was convicted of "Theft over $50." Appellant further argues that "Theft over $50" was not a criminal offense on July 22, 1974, because of the adoption of the new Penal Code. We disagree with appellant's conclusions that the indictment and the evidence (the pen packet) are so seriously in conflict that a conviction cannot be sustained on the evidence. In *Jones*, 500 S.W.2d at 661, the court quotes from *Cain v. State*, 468 S.W.2d 856 (Tex.Crim.App.1971) to set forth different means to show the accused was the same person previously convicted.

(2) Introduction of certified copies of the judgment and sentence and records of the Texas Department of Corrections or a county jail including fingerprints of the defendant, supported by expert testimony identifying them as identical with known prints of the defendant.

*Id.* at 859.

*Vessels v. State*, 432 S.W.2d 108 (Tex.Crim.App.1968). All portions of the pen packet reflect the appellant had been convicted of the offense of "Theft over $200.00," with the exception of the transfer order. The transfer order is not a necessary element of the pen packet to prove the enhancement count. This portion of appellant's ground of error is overruled. *Id.*

In the next part of this ground of error, appellant alleges the enhancement paragraph was not proven by sufficient evidence, since the mandate from the Court of Criminal Appeals does not contain the Honorable John F. Onion's seal of office.

■ An examination of the pen packet reveals it was properly certified by the record clerk of the Texas Department of Corrections, the presiding judge of the Walker County court, and the court clerk of Walker County. With the exception of the appellant's photographs, all contents of the pen packet are photocopies of the originals. Since the entire packet is properly attested as to its authenticity, proof of authenticity of each document contained therein is not necessary for compliance with TEX.REV.CIV.STAT.ANN. art. 3731a (Vernon Supp.1984); *Todd v. State*, 598 S.W.2d 286 (Tex.Crim.App.1980).

Finally, under this ground of error, appellant claims there was no proof the conviction used in the enhancement count was final. Appellant directs our attention to the following language in the transfer order dated January 14, 1975,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the State's Request for Transfer shall be, and is hereby, granted, and that the defendant, RONALD EVANS, shall be *transferred to the Texas Department of Corrections pending a mandate from the Court of Criminal Appeals* (emphasis supplied).

■ The appellant did not testify or offer any evidence attacking the finality of the conviction. If the conviction relied upon by the State for enhancement is not final, the defendant must present evidence to the effect the prior conviction is not final. *Gardner v. State*, 486 S.W.2d 805 (Tex.Crim.App.1972). In addition, it should be noted the mandate is dated May 21, 1976, some 16 months after the transfer order. All parts of appellant's fourth ground of error are overruled.

In appellant's fifth ground of error he alleges the trial court should have charged the jury on the lesser included offense of criminal trespass.

■ It has been well-established that criminal trespass is a lesser included offense of burglary. *Daniels v. State*, 633

S.W.2d 899 (Tex.Crim.App.1982); *Day,* 534 S.W.2d at 681. To determine whether a charge on the lesser included offense is required, the two-step analysis set forth in *Royster v. State,* 622 S.W.2d 442 (Tex. Crim.App.1981) must be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Id.* at 446. Here there was no evidence presented at trial which showed that appellant, if guilty, was only guilty of the lesser included offense of criminal trespass. Appellant's fifth ground of error is overruled.

■ Appellant has filed a pro se brief in addition to the brief filed by his attorney. Under *Rudd v. State,* 616 S.W.2d 623 (Tex. Crim.App.1981), the appellant is not entitled to have a pro se brief considered when his legal counsel has filed an adequate brief because it would amount to hybrid representation. In the interest of justice, however, we have carefully examined appellant's brief, but can find no fundamental error raised.

The judgment is affirmed.