Billy Ray **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–89–00178–CR.

Court of Appeals of Texas, San Antonio.

Aug. 29, 1990.

Jacquelyn L. Snyder, San Antonio, for appellant.

Fred G. Rodriguez, Ray Hardy, Edward F. Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before PEEPLES, CARR and ONION,[1] JJ.

## OPINION

ONION, Presiding Justice (Retired).

This appeal is taken from a conviction for burglary of a building. TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1989). Following the jury's verdict of guilty, the penalty stage of the trial was conducted before the trial court. Finding the enhancement allegations of two prior felony convictions to be true, the trial court assessed appellant's punishment at twenty-five (25) years' confinement in the Texas Department of Corrections.[2]

Appellant advances five points of error. He initially contends the evidence is insufficient to sustain the conviction. He also urges that the trial court erred in denying his pre-trial motion to quash the indictment, and erred in refusing requested jury instructions on the lesser included offense of criminal trespass and on the defense of mistake of fact. Lastly, appellant contends that the formal sentence incorrectly reflects that life imprisonment was assessed as punishment.

Carolyn Cardenas testified that on May 13, 1988, she was the associate manager of Lerner's, a woman's apparel store located in the River Center Mall in San Antonio.

---

1. Presiding Judge, Retired, Court of Criminal Appeals, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003 (1988).

2. The Department of Corrections is now the Institutional Division of the Texas Department of Criminal Justice. 1989 Tex.Gen. Laws ch. 785, § 1.19(f) at 3475. *See* Historical Note to TEX.REV.CIV.STAT.ANN. art. 4413(401) (Vernon Supp.1990).

Cardenas described Lerner's as being divided into two areas, a sales floor open to the public, and a back or rear area available only to employees of the store. The two areas were divided by a heavy door which was always kept closed. She admitted that on the date in question the door had an "Exit" sign over it. She related the rear portion of the store consisted of a hallway, an office, a restroom, a locker or lounge room, and a storeroom. Cardenas testified that on May 13, 1988, when she decided to take her lunch break, she went to retrieve her purse from the locker room. She left the sales area and went through the closed door into the rear area of the store. She walked down the hallway and opened the closed door to the locker room. As she started to open her locker to get her purse, she looked through the open door into the storeroom, and saw a man, whom she identified as the appellant, going through boxes on the shelves in the storeroom. Cardenas asked the appellant what he was doing, and he replied: "I want to take this." Appellant then grabbed a box of sunglasses which Cardenas said had a market value of $200.00. Cardenas told the appellant to follow her and she returned to the sales area and told the store's manager, Lilly Wolfe, what she had observed. Appellant then appeared and placed the box of sunglasses on the sales desk, saying the box was his wife's layaway and he wanted to take it. He did not produce a receipt or offer payment. Appellant then began to leave through the front door although he was told to wait. The mall security officers had been called. Cardenas testified that she had never seen the appellant before, and had not given him permission to enter the rear area or the storeroom.

Wolfe testified she followed the appellant out of the store and pointed him out to the security officers when they arrived. She did not give the appellant permission to enter the rear area or the storeroom. She explained that the names of appellant or his wife were not on the layaway list. It was shown that the layaway items were kept in a different part of the storeroom from where appellant picked up the box of sunglasses.

San Antonio Police Officer Michael J. Schott testified he went to the River Center Mall and arrested appellant on May 13, 1988. Officer George D. Karagas did a follow-up investigation and confirmed the layout of the store as described by Cardenas and Wolfe, including the fact the storeroom was an enclosed area.

Appellant did not testify but called his sister who testified he was retarded and could read only simple words. Dr. Julie Ewing, a psychologist, testified the appellant had a low I.Q., was mentally retarded, and read at a first grade level. She related that he had gone to junior high level in school, had told her he was working on his G.E.D., and had served in the Army. She stated appellant came across as more intelligent when he was talking than her testing revealed.

■ The standard for review of the sufficiency of evidence is whether, viewing the evidence in the light most favorable to the verdict, any rational trier of the facts could have found the essential elements of the crime charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App. 1989); *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986). The standard is applicable to both direct and circumstantial evidence cases. *Chambers v. State,* 711 S.W.2d 240, 244–45 (Tex.Crim.App.1986); *Christian v. State,* 686 S.W.2d 930, 934 (Tex.Crim.App.1985).

■ A conviction based upon circumstantial evidence, however, cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the defendant's guilt. *Burns v. State,* 676 S.W.2d 118, 120 (Tex.Crim.App.1984). Any alternative hypothesis, however, must be reasonable, consistent with the facts proved and the circumstances and not out of harmony with the evidence. *Autry v. State,* 626 S.W.2d 758, 761 (Tex.Crim.App.), *cert. denied,* 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982).

■ Appellant contends the evidence was insufficient to prove that (1) the entry

was with intent to commit theft or (2) that the rear portion of the building was not open to the public.

Intent can be inferred from acts, words and conduct by the accused. *Dues v. State*, 634 S.W.2d 304, 305 (Tex.Crim. App.1982); *Ercanbrack v. State*, 646 S.W.2d 480, 481 (Tex.App.—Houston [1st Dist.] 1982, no pet.). Intent, of course, may be established by circumstantial evidence. *Mauldin v. State*, 628 S.W.2d 793, 795 (Tex.Crim.App.1982); *Clark v. State*, 543 S.W.2d 125, 127 (Tex.Crim.App.1976). It is a question of fact to be determined by the trier of facts from all the circumstances and facts in evidence. *Hemphill v. State*, 505 S.W.2d 560, 562 (Tex.Crim.App. 1974). Thus, the intent with which an accused enters a building is a question of fact for the jury to resolve from the circumstances surrounding the conduct of the accused. *Robles v. State*, 664 S.W.2d 91, 94 (Tex.Crim.App.1984); *Bailey v. State*, 722 S.W.2d 202 (Tex.App.—San Antonio 1986, no pet.).

The undisputed testimony showed that the appellant had to go through two closed doors and walk through an open door to get into the storeroom where he was discovered "going through the boxes that were on the shelves" and the merchandise not yet being offered for sale. When confronted he grabbed a box of sunglasses in front of him and stated "I want to take this." In the sales area he fabricated a story about the sunglasses being his wife's layaway and then left the store without the sunglasses while being asked to wait. While specific culpable intent to commit theft must exist at the time of the entry, *McAfee v. State*, 658 S.W.2d 200 (Tex.App. —El Paso 1983, no pet.), the evidence is sufficient in the instant case to show the requisite intent. *See Lewis v. State*, 715 S.W.2d 655 (Tex.Crim.App.1986); *Williams v. State*, 537 S.W.2d 936 (Tex.Crim.App. 1976); *Teniente v. State*, 533 S.W.2d 805 (Tex.Crim.App.1976).

Appellant also argues that the evidence failed to show that the portion of the building was not open to the public. Appellant places stress upon the "Exit" sign over the door separating the sales area from the rear portion of the store. The arrangement of the structure has been previously described, and the employees testified that no one other than employees were permitted in the rear portion of the building. No one gave the appellant consent to enter the storeroom. *Evans v. State*, 677 S.W.2d 814, 818 (Tex.App.—Fort Worth 1984, no pet.) involved a similar factual situation. There, the office area of a clothing store, where money, merchandise and store records were maintained, was separated from the sales area by a door which was normally locked. *Evans* held that the office was sufficiently separated to sustain a conviction for burglary of a building. It was also held that a person can make an unlawful entry by walking through an open door when the entry is without the owner's consent, citing *Johnson v. State*, 664 S.W.2d 420, 422 (Tex.App.—Amarillo 1983, pet. ref'd). *Evans* also noted the "closed to the public" type of signs found in *Hughes v. State*, 625 S.W.2d 827 (Tex.App.—Houston [14th Dist.] 1981, no pet.). While conceding that such signs better informed the public, the *Evans* court concluded that signs forbidding entry to the public are not determinative of whether a portion of the building is open to the public. "The important evidence is that the restricted area was separate from the public and the defendant did not have permission to enter that portion of the building not open to the public." *Evans, supra,* at 818.

In *Johnson, supra,* it was determined that the pharmacy area of a large supermarket was capable of being the subject of a burglary when the pharmacy was closed and the doors locked at a time when the supermarket was open for business. Although the pharmacy had a front counter, incapable of being closed, there could still be a burglary if entrance to the pharmacy could only be obtained by walking through one of the doors or by climbing over the counter. *See also Lopez v. State*, 660 S.W.2d 592 (Tex.App.—Corpus Christi 1983, pet. ref'd).

In *Hughes, supra,* evidence that a portion of a building was open to the public

but that the engine and locker room in which the defendant was found was closed to the public was held sufficient to show burglary of a building not open to the public. Further, such evidence did not present any variance from an indictment charging burglary of a "building" not open to the public. *See also Williams v. State*, 537 S.W.2d 936, 940 (Tex.Crim.App.1976). Applying the "rationality" test, we conclude that the evidence was sufficient to sustain the conviction. Appellant's first point of error is overruled.

■ In his second point of error appellant contends the trial court erred in denying his motion to quash the indictment, particularly his "request that the State specify whether they [sic] would rely on 'any portion of the building' not then open to the public, rather than the building itself."

Appellant relies on the claimed failure of the indictment to give him notice of the nature of the charge against him so that he might prepare his defense. U.S. CONST. VI amend.; TEX. CONST. art. I, § 10; *Swabado v. State*, 597 S.W.2d 361 (Tex. Crim.App.1980).

The pertinent part of the motion to quash states:

The indictment is defective in that it does not allege all of the essential acts and omissions by the Defendant, which are necessary in order to constitute a violation of sec. 30.02 of the Texas Penal Code, to wit:

j. The indictment fails to specify whether it was a portion of the building not then open to the public which the Defendant allegedly entered.

In presenting this portion of the pre-trial motion to the trial court appellant's counsel requested that if the motion was denied, that in the alternative, the court's charge "be limited to that which they have charged in the indictment."

TEX. PENAL CODE ANN. § 30.02(a)(1) provides:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; ...

TEX. PENAL CODE ANN. § 30.01(2) provides:

In this chapter:

(2) 'Building' means any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use.

The indictment in the pertinent part alleged that the appellant "on or about the 13th day of May, A.D. 1988, did then and there intentionally and knowingly enter a building which was not then open to the public, with intent to commit theft without the effective consent of Lilly Wolfe, the owner of said building."

■ Subject to rare exceptions, an indictment which tracks the language of the penal statute will be legally sufficient and the State need not allege facts which are evidentiary in nature. *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex.Crim.App.1988); *Beck v. State*, 682 S.W.2d 550, 554 (Tex. Crim.App.1985). Merely tracking the statute may be insufficient if particularity is required to afford the accused notice as required. *Daniels v. State*, 754 S.W.2d 214, 218 (Tex.Crim.App.1988); *Terry v. State*, 471 S.W.2d 848 (Tex.Crim.App.1971). An accused is entitled to notice of the acts or omissions he is alleged to have committed. *Gorman v. State*, 634 S.W.2d 681, 684 (Tex.Crim.App.1982).

The State thus takes the position that an indictment need not plead, with additional specificity, those matters which are statutorily defined in the alternative, where the matter in dispute is not an act or omission on the part of the accused. *Geter v. State*, 779 S.W.2d 403, 405 (Tex.Crim.App.1989); *DeVaughn, supra; Moreno v. State*, 721 S.W.2d 295 (Tex.Crim.App.1986). The State argues the appellant by his motion to quash sought merely evidentiary particulars which did not concern acts or omissions on his part, and which the State was not required to plead. *See Smith v. State*, 652 S.W.2d 410, 411 (Tex.Crim.App.1983);

*Marrs v. State,* 647 S.W.2d 286 (Tex.Crim. App.1983). We agree. The trial court did not err in overruling the motion to quash. *See and cf. Greeson v. State,* 408 S.W.2d 515 (Tex.Crim.App.1966). Appellant's reliance upon *Santana v. State,* 658 S.W.2d 612, 614 (Tex.Crim.App.1983) is misplaced. The trial court charged the jury in accordance with the allegations of the indictment as the appellant requested in the event the motion to quash was overruled. There was no fatal variance between the indictment and proof. *Hughes, supra; Williams, supra.* Appellant's second point of error is overruled.

 In his third point of error appellant urges that the trial court erred in refusing a requested jury instruction on the lesser included offense of criminal trespass. *See* TEX. PENAL CODE ANN. § 30.05. When a defense issue is raised by the evidence from any source and a charge thereon is properly requested, it must be submitted to the jury. *Gavia v. State,* 488 S.W.2d 420, 421 (Tex.Crim.App.1973). Entitlement to a jury instruction on a lesser included offense of the offense charged must be made on a case-by-case basis according to the particular facts. *Livingston v. State,* 739 S.W.2d 311, 336 (Tex.Crim. App.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *Broussard v. State,* 642 S.W.2d 171 (Tex.Crim. App.1982). In reviewing the facts all of the evidence presented by the State and the defendant must be considered. *Dowden v. State,* 758 S.W.2d 264, 269 (Tex.Crim.App. 1988); *Lugo v. State,* 667 S.W.2d 144, 147 (Tex.Crim.App.1984).

 There is a two pronged test for determining whether a jury must be charged on a lesser included offense. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Creel v. State,* 754 S.W.2d 205, 210 (Tex.Crim.App.1988); *Godsey v. State,* 719 S.W.2d 578, 584 (Tex. Crim.App.1986); *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App.1985); *Roy-*

*ster v. State,* 622 S.W.2d 442 (Tex.Crim. App.1981).

 Criminal trespass may be a lesser included offense of all three types of burglary. *Aguilar, supra* at 558; *Daniels v. State,* 633 S.W.2d 899, 900 (Tex.Crim. App.1982); *Day v. State,* 532 S.W.2d 302, 306 (Tex.Crim.App.1976). The offenses of burglary of a building and criminal trespass have the same elements except that the burglary offense has the element of intent to commit a felony or theft, whereas the offense of criminal trespass has no such element, but has in place of such element a "notice" element. *See Moreno v. State,* 702 S.W.2d 636, 640 (Tex.Crim. App.1986).

 Merely because a lesser offense is included within the proof of a greater offense does not always warrant a jury charge on the lesser offense. *Creel, supra* at 210; *Lincecum v. State,* 736 S.W.2d 673 (Tex.Crim.App.1987), *cert. denied,* 486 U.S. 1061, 108 S.Ct. 2835, 100 L.Ed.2d 936. Isolated portions of evidence, standing alone and outside the context of the defensive theory offered by the accused, will not justify the submission of a lesser-included offense. *Godsey v. State,* 719 S.W.2d 578, 584 (Tex.Crim.App.1986). Moreover, if the evidence raises the issue of whether the accused is guilty only of the charged offense or not guilty of any offense whatsoever, the charge on the lesser offense is not required. *McKinney v. State,* 627 S.W.2d 731, 732 (Tex.Crim.App.1982); *Thomas v. State,* 578 S.W.2d 691, 698 (Tex. Crim.App.1979).

Applying the two-pronged *Royster–Aguilar* test, we observe that the proof of the greater offense in the instant case did not include the "notice" element of criminal trespass. Even if it could be argued otherwise, the question remains whether the second prong of the test has been met. Is there some evidence in the record that if the appellant is guilty, he is guilty only of the lesser included offense? Appellant himself relies upon the testimony of State's witnesses that he came out of the storeroom with a box of sunglasses claiming he was there to pick up his wife's layaway.

Such testimony by itself reflects an exculpatory statement denying in effect the commission of any offense at all. The second prong of the test was not met. The trial court did not err in denying the requested charge. *Daniels, supra* at 901–02; *McKinney, supra* at 732. Appellant's third point of error is overruled.

 Appellant in his fourth point of error argues that the trial court erred in refusing his requested jury instruction on mistake of fact. TEX. PENAL CODE ANN. § 8.02(a) provides:

> (a) It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

TEX. PENAL CODE ANN. § 1.07(a)(31) provides:

> 'Reasonable belief' means a belief that would be held by an ordinary and prudent man in the same circumstances as the actor.

If the evidence raises the defensive issue then a charge thereon should be submitted to the jury if properly requested. *Gavia, supra.* It is not necessary for the defendant to testify in order to raise the issue of mistake. *Woodfox v. State,* 742 S.W.2d 408 (Tex.Crim.App.1987).

The State contends that the appellant's oral requested instruction was inadequate and failed to apprise the trial court of the mistake on which he relied. *See Hefner v. State,* 735 S.W.2d 608, 623 (Tex.App.—Dallas 1987, pet.ref'd). That aside, we observe the appellant relies upon testimony that there was an "Exit" sign over the closed door leading to the rear portion of the store and that appellant was a mentally retarded individual with limited reading ability. The difficulty with appellant's position is that there is no evidence he saw the sign and formed a reasonable belief that the area of the store he entered was opened to the public, and that the mistaken belief negated any intent to commit theft. *See Mata v. State,* 627 S.W.2d 838 (Tex.App.—San Antonio 1982, no pet.). As the State observes, the evidence shows the appellant had to go through a second closed door and through an open door to get into the storeroom. There being no evidence to raise the issue, the trial court did not err in refusing the requested instruction. *See Hawkins v. State,* 656 S.W.2d 70, 73 (Tex.Crim.App. 1983); *Williams v. State,* 537 S.W.2d 936 (Tex.Crim.App.1976). *See also Huizar v. State,* 720 S.W.2d 651 (Tex.App.—San Antonio 1986, pet. ref'd); *Wages v. State,* 703 S.W.2d 736 (Tex.App.—Houston [14th Dist.] 1985), pet. dism'd, 770 S.W.2d 779 (Tex.Crim.App.1987). Appellant's fourth point of error is overruled.

Lastly, appellant contends the formal sentence incorrectly reflects a life sentence when the trial court imposed a twenty-five (25) years sentence. The State agrees that a clerical error was made and joins the request for reformation. The record supports appellant's contention. The fifth point of error is sustained and the sentence is reformed accordingly to reflect the punishment actually imposed by the trial court. *See* TEX.R.APP.P. 80(b) (Vernon Pamph. 1990).

The judgment is affirmed as reformed.