Clarence MILLER, Appellant,

v.

STATE of Texas, Appellee.

No. A14–82–495CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 19, 1984.

James Randall Smith, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellant was convicted of illegal possession of a shotgun with a barrel length of less than eighteen inches and his enhanced punishment was assessed at twenty years confinement. Appellant contends on appeal that because he believed the shotgun had a barrel length of more than 18 inches, the trial court erred by refusing to permit appellant to voir dire the jurors regarding the same; and, further, he contends that the court erred in refusing to charge the jury on "mistake of fact." We affirm the judgment.

During voir dire appellant's counsel stated, "If there is a defense in Texas law called the mistake of fact. Now if the judge should instruct you—." At this point the state's attorney objected to this line of questioning. Appellant's counsel then explained that he wanted "... to go in to the general descriptive term, terminology of mistake of fact as claimed by the defense." The trial judge sustained the objection, stating that the defense itself was nebulous and too general and that defining words would take an unreasonable amount of time. Appellant's counsel was permitted to make a bill of exceptions; however, such a bill was never submitted.

Appellant now contends that the trial court erred in refusing to allow him to voir dire the panel regarding mistake of fact, and that appellant was therefore denied effective assistance of counsel. A trial court has wide discretion in conducting voir dire. *Abron v. State*, 523 S.W.2d 405 (Tex.Cr.App.1975). However, before this court can determine whether an abuse of discretion has occurred, the question must appear in the record. *Graham v. State*, 566 S.W.2d 941, 953 (Tex.Cr.App.1978) (en banc). *See also* Tex.Code Crim.Proc.Ann. art. 40.09(6)(b) (Vernon Supp.1982–83). Since the completed question does not appear in the record, appellant's first ground of error is overruled.

Additionally, appellant's counsel, in his explanation to the court, indicated that he wanted to go into the terminology of mistake of fact. It is no abuse of discretion when the trial court refuses to let the lawyer define words. *Milton v. State*, 599 S.W.2d 824, 826 (Tex.Cr.App.1980) (en banc), *reh'g denied*, 620 S.W.2d 115 (Tex. Cr.App.1980), *reh'g denied*, 453 U.S. 923, 101 S.Ct. 3160, 69 L.Ed.2d 1006 (1981). Limitation of voir dire is within the court's discretion, and voir dire could take an unreasonable amount of time if the attorneys on both sides were able to ask jurors what they thought of definitions of every word in a contemplated charge. *Id.* Thus, even if the completed question were properly presented for review, the court's ruling would not have been an abuse of discretion.

During the trial, appellant testified that he had measured the length of the barrel and found it to be 18⅞ inches. He now contends that the trial court erred by refusing to charge the jury on mistake of fact. Appellant is entitled to an instruction on each defensive issue raised by the evidence. *Johnson v. State*, 629 S.W.2d 731, 733 (Tex.Cr.App.1981) (en banc). The question on appeal is whether the evidence

raised the issue of mistake of fact. *Lynch v. State*, 643 S.W.2d 737 (Tex.Cr.App.1983) (en banc). In order to avail himself of the defense of mistake of fact, appellant must have, through mistake, formed a *reasonable* belief about a matter of fact. Tex.Penal Code Ann. § 8.02(a) (Vernon 1974). *See Beggs v. State*, 597 S.W.2d 375, 378 (Tex. Cr.App.1980). While appellant testified that he measured the barrel and it was 18⅞ inches, appellant measured the same barrel at trial and found it to be 16¾ inches. One of the arresting officers also measured the barrel at trial and testified that it was about 17 inches. Where the alleged mistaken fact is a matter of length that is readily discernable by a simple empirical method of measurement that is universally accepted, a mistake of fact defense is not raised by the accused's failure to properly utilize that method. Since there is no showing of extenuating circumstances beyond the appellant's control which accounted for his error in judgment, we find that he did not form a reasonable belief as to the length of the barrel. *See* Tex.Penal Code Ann. § 1.07(a)(31) (Vernon 1974). Appellant's second ground of error is thus overruled.

Accordingly, the judgment is affirmed.