**Walter J. THIBODEAUX, III,
Appellant,**

v.

**The STATE of Texas, Appellee.**

No. B14–85–755–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 26, 1987.

Rehearing Denied March 26, 1987.

Garland D. McInnis, Jr., Henry Burkholder, III, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, Asst. Dist. Atty., Houston, for appellee.

Before PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Walter J. Thibodeaux, was indicted for the offense of murder, enhanced by two prior felony convictions. Appellant entered a plea of not guilty. The jury found appellant guilty of the lesser included offense of involuntary manslaughter.

Appellant entered a plea of not true to the enhancement allegations. The jury found the allegations true and assessed punishment at thirty-five (35) years confinement in the Texas Department of Corrections. Appellant appeals this judgment of conviction. We affirm.

Appellant presents five points of error. In his first three related points, he claims the trial court erred in overruling his motion to dismiss on statutory speedy trial grounds. He states he was originally indicted under one cause number, but was convicted under a second and different number. He alleges he was indicted more than 120 days after his arrest, and the State failed to show (1) its announcement of ready, made under a prior indictment and cause number, was part of the "same case" as the indictment and cause number under which he was convicted. He also claims the State failed to show (2) the speedy trial waiver, and (3) the agreed con-

tinuances, executed under a prior indictment and cause number, were part of the "same case" as the indictment and cause number under which he was convicted. In his last two points of error, appellant maintains the trial court erred in (4) failing to instruct the jury on the law of mistake of fact; and (5) in failing to request the administrative district presiding judge to hear his motion to recuse.

We shall address appellant's first three points of error together. Appellant argues basically that the State's timely announcement of ready, filed under his original indictment and cause number (cause number 399,306 or "first indictment"), was not shown by the State to have transferred to the second indictment (cause number 415,-597 or "second indictment") under which he was convicted. He maintains the trial court therefore erred in overruling his motion to dismiss the indictment on speedy trial grounds, since the second indictment was filed over 120 days from the commencement of the criminal action. Using the same reasoning, appellant alleges in his second and third points of error that the State also failed to show either that the speedy trial waiver or the series of agreed continuances executed under the first indictment had transferred to the second. We find appellant's logic unpersuasive and overrule his first three points of error.

The record demonstrates the following procedural chronology: Appellant was arrested on March 8, 1984. He was originally indicted for murder on March 8, 1984, in cause number 399,306; that indictment contained one enhancement paragraph (possession of a narcotic drug, heroin). The State filed a timely written announcement of ready under cause number 399,306 on March 22, 1984. The transcript also shows two written waivers of speedy trial (March 22, 1984 and August 23, 1984), as well as a series of agreed resets until May 28, 1985.

On December 10, 1984, appellant was reindicted in cause number 415,597. The second indictment was identical to the first, except for an additional enhancement para-

graph (burglary) that was inserted.[1] The blank space following "Prior Cause Number" in the second indictment was completed with the words *"Reindictment* of 399306" (emphasis added).

The State filed a second written announcement of ready under the second cause number on December 18, 1984. The docket sheet also shows the State orally announced ready on May 28, 1985, and June 10, 1985. The prosecutor emphasized at the pretrial motion hearing that the State had been "ready since the inception of this case."

The trial court denied appellant's pretrial motion to dismiss the indictment, and trial commenced on June 19, 1985, past the statutory 120 day period from appellant's arrest on March 8, 1984. Tex.Code Crim. Proc.Ann. art. 32A.02 (Vernon Supp.1987). Appellant was convicted under the second indictment.

Although his argument is unclear, appellant apparently takes the position that the State has not met its "burden of proof" showing the two facially identical indictments allege the same conduct. There is no merit in appellant's claim.

The second indictment, clearly labelled "Reindictment of 399306," is identical on its face to the first, save for the addition of another enhancement paragraph. The two indictments not only arise from the same transaction, but also refer clearly to the same conduct, case or offense. The State has met whatever "burden" appellant alleges was necessary.

The instant case is distinguishable from *Richardson v. State*, 629 S.W.2d 164 (Tex. App.—Dallas 1984, pet. ref'd). In *Richardson*, the court held the State's announcement of ready under the first indictment did not constitute an announcement of ready in the reindictment. However, unlike appellant's situation, the defendant in *Richardson* was indicted for theft and subsequently "reindicted" for burglary of a vehicle. The two indictments alleged two different offenses, subject to different proof. Thus, although arising from the same transaction, they were two distinct cases rather than the "same case."

In contrast, the facts in *Perez v. State*, 678 S.W.2d 85 (Tex.Crim.App.1984), are strikingly similar to those in the case before us. In *Perez* the reindictment also merely added a second enhancement paragraph. *Perez v. State*, 678 S.W.2d at 86.

1. The indictment in Cause No. 399,306 reads: WALTER JOSEPH THIBODEAUX, III, hereafter styled the Defendant, heretofore on or about January 6, 1984, did then and there unlawfully intentionally and knowingly cause the death of JOSEPH MAURO, hereafter styled the Complainant, by shooting the Complainant with a firearm.

   It is further presented that in Harris County, Texas, WALTER JOSEPH THIBODEAUX, III, hereafter styled the Defendant, heretofore on or about JANUARY 6, 1984, did then and there unlawfully intend to cause serious bodily injury to JOSEPH MAURO, hereafter styled the Complainant, and did cause the death of the Complainant by committing an act clearly dangerous to human life, namely, by shooting the Complainant with a firearm.

   ENHANCEMENT

   Before the commission of the offense alleged above, on OCTOBER 26, 1970, in Cause Number 31076, in Galveston County, Texas, the Defendant was convicted of the felony of possession of a narcotic drug, to-wit: heroin.

   The indictment in Cause Number 415,597 reads:

   WALTER JOSEPH THIBODEAUX, III hereafter styled the Defendant, heretofore on or

about January 6, 1984, did then and there unlawfully intentionally and knowingly cause the death of JOSEPH MAURO, hereafter styled the Complainant, by shooting the Complainant with a firearm.

It is further presented that in HARRIS COUNTY, TEXAS, WALTER JOSEPH THIBODEAUX, hereafter styled the Defendant, heretofore on or about JANUARY 6, 1984, did then and there unlawfully intend to cause serious bodily injury to JOSEPH MAURO, hereafter styled the Complainant, and did cause the death of the Complainant by committing an act clearly dangerous to human life, namely, by shooting the Complainant with a firearm.

Before the commission of the offense alleged above hereafter styled the primary offense, on October 26, 1970 in Cause No. 31076, in the 56th Judicial District Court of Galveston County, Texas, the Defendant was convicted of the felony of Possession of a Narcotic Drug, to wit: Heroin. Before the commission of the primary offense, and after the conviction in Cause No. 31076 was final, the Defendant committed the felony of Burglary and was convicted on March 22, 1974, in Cause No. 87328 in the Criminal District Court No. 3 of Tarrant County, Texas.

Therefore, the State's timely announcement of ready under the first indictment was held to have transferred to the second indictment. *See also Paris v. State,* 668 S.W.2d 411 (Tex.Crim.App.1984); *Rosebury v. State,* 659 S.W.2d 655 (Tex.Crim.App. 1983).

■ We hold both indictments refer to the same single offense against appellant. Because the State's announcement of ready was timely filed under the first indictment, we also hold the announcement has transferred to the second indictment. The excludable periods of time place the State's announcement of ready under the second indictment well within the statutory period. Furthermore, the State's oral announcement at the pretrial motion hearing that it had been "ready since the inception of this case" is a prima facie showing of readiness that appellant has not rebutted. *Barfield v. State,* 586 S.W.2d 538, 542 (Tex.Crim. App.1979). Appellant's first point of error is overruled. For the same reasons, appellant's second and third points of error—that the speedy trial waiver and the agreed continuances executed under the first indictment were not shown to have transferred to the second indictment—are also overruled.

In appellant's fourth point of error, he alleges the trial court erred in failing to instruct the jury on mistake of fact, regarding whether or not he knew the handgun with which he shot the deceased complainant was loaded. Appellant made a timely request and objection.

The relevant facts are that appellant came home and entered his living room. He saw the deceased, Joseph George Mauro, who had arrived earlier, sitting on the sofa. He immediately went upstairs and, according to a witness, Ronald Keith Smith, he came downstairs with a pistol in his hand. Appellant approached the deceased, said "I want my f_____ money right now and I'm going to blow your f_____ head off," and fired the gun at very close range. Smith testified, along with other witnesses, that he heard one shot. He further stated that he helped appellant "get rid of the body" by placing

the deceased in the deceased's Corvette, driving to Baybrook Mall, and setting fire to the car.

The medical examiner testified the deceased was shot twice in the head, once from a range of under three inches, and once from more than twenty-four inches. He also testified the deceased was still alive when appellant, assisted by Smith, set fire to the car with the deceased inside.

Appellant testified he did not know the gun was loaded. He stated he took a fully loaded clip out of his pistol, did not point the gun at the deceased, and did not place his finger inside the trigger guard. He further testified that when he went to "swing [the gun] over [Mauro's] head," the deceased jumped up and grabbed appellant's hand, causing the gun to discharge once.

■ Appellant is entitled to an instruction on every defensive matter raised by the evidence. *Johnson v. State,* 629 S.W.2d 731, 733 (Tex.Crim.App.1981). However, upon reviewing the record, we find no evidence raising the issue of mistake of fact.

■ In order to avail himself of the defense of mistake of fact so as to negate culpability, appellant must have formed a *reasonable* belief about a matter of fact. Tex.Penal Code Ann. § 8.02(a) (Vernon 1974); *Miller v. State,* 666 S.W.2d 564, 565–566 (Tex.App.—Houston [14th Dist.] 1984, no pet.).

■ Appellant testified he took the clip out of his pistol and was thus unaware the gun was loaded. We find appellant's failure to look in the chamber of the pistol unreasonable under the circumstances. His alleged mistake of fact would have been easily discernible by the simple empirical method of checking the chamber. *Id.* at 566. Moreover, appellant's testimony that he neither pointed the gun at the deceased nor placed his finger inside the trigger guard does not comport with his purported belief of an empty gun. We hold appellant did not form a reasonable belief that the gun was not loaded. Tex.Penal Code.Ann. § 1.07(a)(31) (Vernon 1974). He

is therefore not entitled to an instruction on mistake of fact. Appellant's fourth point of error is overruled.

In appellant's fifth point of error, he argues the trial court erred in not requesting the presiding judge of the administrative district to hear appellant's written motion to recuse the trial judge. Tex.Govt. Code Ann. § 74.036(c)(3) (Vernon Pamph. 1987). Appellant filed his motion to recuse on the basis of bias and prejudice on the first day of trial. The court did not consider the motion, since it was untimely filed.

■ We hold appellant's motion, filed on the first day of trial, was filed untimely. *Limon v. State*, 632 S.W.2d 812, 815–816 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). Since there is no applicable Texas rule of criminal procedure, we cite the ten day notice provision of Rule 18a, Texas Rules of Civil Procedure, as furnishing guidance:

> (a) At least ten days before the date set for trial or other hearing in any court other than the Supreme Court, the Court of Criminal Appeals or the court of appeals, any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case. Tex. R.Civ.P. 18a.

■ In the interest of justice we have reviewed the record in light of appellant's challenge and his right to a fair trial. Our review reveals no bias or prejudice on the part of the trial judge towards either defense counsel or appellant which warrants reversal.

The judgment of the trial court is affirmed.