IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-526-CR





LLOYD EDWARD WRIGHT,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR91-411, HONORABLE FRED A. MOORE, JUDGE PRESIDING



 




 After finding appellant guilty of the offense of burglary of a building, Tex. Penal
Code Ann. § 30.02 (West 1989), the jury assessed punishment, enhanced by prior felony offenses,
at confinement for fifty years. In points of error one through three, appellant contends the trial
court erred in: (1) finding the evidence sufficient to sustain the conviction; (2) failing to instruct
the jury on a lesser included offense; and (3) failing to instruct the jury on mistake of fact. In a
fourth point of error, appellant asserts that he received ineffective assistance of counsel during the
punishment phase of the trial. We will overrule appellant's points of error and affirm the
judgment of the trial court.

 Ernest Hurtado, an employee of Edwards Furniture Store in San Marcos, testified
that when he returned from lunch on December 11, 1991, he saw appellant leaving the back of
the store with a box of the type that contains a television set. Hurtado asked appellant, "You
bought a T.V.?," and appellant responded, "Yeah." Hurtado was suspicious because he didn't
see a receipt and "nobody carries things out from the back." Hurtado proceeded to check with
employees to determine if anyone had sold a television set. After learning that no sale had been
made, Hurtado was able to exit the store and write down the license number of a truck being
driven away by appellant. The license number was called to police who were able to pursue
appellant, stop his vehicle, recover the television set, and arrest appellant. Both Hurtado and
store manager Dean Sobolik testified that the store had a sales floor open to the public and a back
area that was not open to the public. Sobolik described the back portion as a "receiving and
storage area." It is undisputed that appellant entered the storage area through the alley entrance
at the back of the store that remained open during business hours. While there was no sign
limiting persons who might enter from the back of the store, Sobolik states that, "It's obvious that
it was not a public entrance." Appellant testified that he was looking for a job on the occasion
in question. After seeing no sign on the alley side of the building, and noticing boxes in the back
of the store, appellant stated that he thought it was some kind of packing company and entered the
building to seek employment. To gain entry, appellant had to "slide through" boxes lined up in
front of the door. Appellant testified that it was not until he had called out four times without
receiving an answer that he decided to steal a television set. Appellant stated he had a number
of prior felony convictions, including a conviction for burglary.

 Appellant urges that the evidence was insufficient to prove the requisite elements
of the offense of burglary, to wit: (1) that the entry was made with the intent to commit theft; and
(2) that the door where he gained entrance to the building was not open to the public. See Tex.
Penal Code Ann. § 30.02(a)(1) (West 1989). In reviewing the evidence as an appellate court, we
must determine whether, viewing the evidence in the light most favorable to the conviction, any
rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The jury can accept or reject any or all
of a witness' testimony. Hemphill v. State, 505 S.W.2d 560, 562 (Tex. Crim. App. 1974). An
appellate court does not resolve issues of factual sufficiency as a super or thirteenth juror,
reweighing the evidence; rather, we act only "as a final, due-process safeguard ensuring only the
rationality of the fact finder." Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
Since this cause was tried after the effective date of Geesa v. State, 820 S.W.2d 154 (Tex. Crim.
App. 1991), we do not utilize the analytical construct of excluding every reasonable hypotheses
in determining the sufficiency of the evidence.

 A succinct analysis of factors to be considered in determining whether an accused
entered a building with intent to commit theft is made in Williams v. State, 796 S.W.2d 793 (Tex.
App.--San Antonio 1990, no pet.). The Williams court stated:



Intent can be inferred from acts, words and conduct by the accused. Intent, of
course, may be established by circumstantial evidence. It is a question of fact to
be determined by the trier of facts from all the circumstances and facts in evidence. 
Thus, the intent with which an accused enters a building is a question of fact for
the jury to resolve from the circumstances surrounding the conduct of the accused.



Id. at 797 (citations omitted).

 In the instant cause, appellant entered the building through an entrance on the alley
side of the store. After having to "slide through" boxes to enter, appellant went to a point in the
storage area where he could see a desk with papers on it before he took the television set. The
evidence shows that three employees were present in the store at the time appellant testified that
he called out without receiving an answer. While appellant's prior felony record is not probative
evidence of the instant offense, it is logical to conclude that it tended to undermine the credibility
of his testimony with the jury. It is undisputed that appellant did not have consent to enter the
building. A person can make an unlawful entry by walking through an open door when the entry
is without the owner's consent. See Johnson v. State, 664 S.W.2d 420, 422 (Tex. App.--Amarillo
1983, pet. ref'd); Searcy and Patterson, Practice Commentary, Tex. Penal Code Ann. § 30.02 at
505 (West 1989). Signs forbidding entry are not determinative of whether a portion of a building
is open to the public. See Evans v. State, 677 S.W.2d 814, 818 (Tex. App.--Ft. Worth 1984, no
pet.). When we view the evidence in the light most favorable to the conviction in the instant
cause, we find that any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Appellant's first point of error is overruled.

 In his second point of error, appellant contends the court erred in refusing to grant
his requested charge on the lesser included offense of theft. Appellant was charged with the
offense of burglary with intent to commit theft. If the burglarious entry is made with the intent
to commit theft, the offense is complete whether any theft subsequently occurs. See Garcia v.
State, 571 S.W.2d 896, 899 (Tex. Crim. App. 1978). Therefore, theft is not a lesser included
offense of the burglary alleged in the indictment in the instant cause. See Garcia, 571 S.W.2d
at 899; Stewart v. State, 830 S.W.2d 771, 774 (Tex. App.--Houston [14th Dist.] 1992, no pet.). 
Appellant's second point of error is overruled.

 In his third point of error, appellant contends the trial court erred in refusing to
grant his requested defensive issue of mistake of fact. Appellant directs our attention to his
testimony about seeing that the back door of the store was open, and seeing no sign that prohibited
entry, and entering the building for the purpose of seeing if he could get a job. "It is a defense
to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if
his mistaken belief negated the kind of culpability required for commission of the offense." Tex.
Penal Code Ann. § 8.02(a) (West 1974). "Reasonable belief" is defined as a "belief that would
be held by an ordinary and prudent man in the same circumstances as the actor." Tex. Penal
Code Ann. § 1.07(a)(31) (West 1974).

 In order for an instruction on mistake of fact to be warranted in the instant cause,
we must determine whether through mistake appellant formed a belief, such as would be held by
an ordinary and prudent man in the same circumstances as appellant, that the rear entrance to the
building through which he gained entry to the store was open to the public. In Thibodeaux v.
State, 726 S.W.2d 601, 604 (Tex. App.--Houston [14th Dist.] 1987, pet. ref'd), the defendant
urged that the trial court erred in refusing to grant his requested instruction on mistake of fact in
light of his testimony that he did not know the gun that killed the deceased was loaded. The
defendant testified that he had removed a fully loaded clip from the pistol; that he did not point
the gun toward the deceased nor did he place his finger inside the trigger guard; and that the gun
discharged when the deceased grabbed his (defendant's) hand. The Thibodeaux court rejected the
defendant's contention, stating:



We find appellant's failure to look in the chamber of the pistol unreasonable under
the circumstances. His alleged mistake of fact would have been easily discernible
by the simple empirical method of checking the chamber. Moreover, appellant's
testimony that he neither pointed the gun at the deceased nor placed his finger
inside the trigger guard does not comport with his purported belief of an empty
gun. We hold appellant did not form a reasonable belief that the gun was not
loaded.



Id. at 604 (citations omitted).

 In the instant cause, appellant looked no further than an alley door that was lined
with boxes in seeking the public entrance to the building. Appellant's failure to exercise greater
diligence in locating the place of public entry to the store was unreasonable under the
circumstances. In addition, appellant's theft of the television set after entering the building does
not comport with his purported belief that the rear entrance of the store was open to the public and
that he had no intent to commit theft when he entered the building. We hold that the trial court
did not err in refusing appellant's requested instruction on mistake of fact. Appellant's third point
of error is overruled.

 In his fourth point of error, appellant contends that he did not receive effective
assistance of counsel during the punishment phase of the trial in violation of Article I, Section 10
of the Texas Constitution. Appellant directs our attention to trial counsel's failure to object to the
testimony of police officers J. W. Bohner and Warren Gilstrap about details underlying appellant's
two prior convictions for the offense of aggravated assault of a peace officer.

 The Court of Criminal Appeals has held that the two-pronged test set out in
Strickland v. Washington, 466 U.S. 668, 689 (1989) is not applicable when analyzing the
effectiveness of counsel during the punishment phase of a non-capital offense. Craig v. State, 825
S.W.2d 128, 130 (Tex. Crim. App. 1992); Ex parte Cruz, 739 S.W.2d 53, 58 (Tex. Crim. App.
1987). Instead, the effectiveness of counsel is to be judged by a single standard under the Sixth
Amendment: "reasonably effective assistance of counsel." Ex parte Cruz, 739 S.W.2d at 58. 
The Cruz court elaborated on this standard:



Under this standard [reasonably effective assistance of counsel] the sufficiency of
an attorney's assistance is gauged by the totality of the representation of the
accused. This constitutional right to counsel does not mean errorless counsel or
counsel whose competency is to be judged by hindsight. The right to effective
assistance of counsel means counsel reasonably likely to render reasonably
effective assistance of counsel.



Id. at 58 (citations omitted).

 The State is not permitted to bring before the jury the details of an offense which
resulted in a prior conviction, the existence of which is admitted against the accused. Stevens v.
State, 671 S.W.2d 517, 522 (Tex. Crim. App. 1984). J. W. Bohner, an officer with the San
Antonio police department, testified at the punishment phase of the trial that he was the victim
named in the indictment which resulted in one of appellant's convictions for the offense of
aggravated assault on a peace officer. Bohner stated that he sustained injuries to an arm and a
knee that required medical treatment as a result of appellant's assault; that he had to spend two
weeks in a soft cast. San Antonio police officer Warren Gilstrap testified that he was the
complainant in appellant's other conviction of aggravated assault on a police officer; that he was
one and the same person named as the victim in an indictment charging appellant with aiming a
handgun at an officer. Appellant urges that these inadmissible prejudicial facts, as well as further
details of the offense elicited by trial counsel on cross-examination of the officers, harmed
appellant's chances of receiving a fair trial at the punishment stage.

 At the guilt-innocence stage of the trial, defense counsel elicited information from
appellant about his prior felony convictions. Appellant testified that he had two prior convictions
for credit card abuse, one conviction for burglary, and one conviction for aggravated assault on
a peace officer. When asked by defense counsel if any policeman ever got hurt, appellant replied,
"No, sir . . . I got a cut over my eye." Under cross-examination by the prosecutor, appellant
identified records showing that he had five prior felony convictions, two for burglary, one for
credit card abuse, and two for aggravated assault on a peace officer.

 Appellant was caught in the act of leaving the store with the television set. Trial
counsel can not be faulted for having appellant testify because appellant's entire defense was based
on his testimony. Counsel could have reasonably concluded that objections to Bohner's and
Gilstrap's testimony would be overruled. Bohner's testimony relative to his injuries was in
response to earlier testimony of appellant that no officer had been injured. Gilstrap's testimony
was limited to identifying himself as the victim named in the indictment supporting one of
appellant's convictions. The indictment had previously been admitted as a part of appellant's pen
packet.

 Hindsight may suggest that appellant's trial counsel should have conducted more
extensive investigation before opening the door to possibly damaging testimony by asking
appellant if an officer had ever been injured. However, when counsel's assistance is gauged by
the totality of his representation, we are unable to conclude that this possible oversight or
counsel's failure to object to the officer's testimony deprived appellant of the effective assistance
of counsel. Appellant's fourth point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, Aboussie and Davis*

Affirmed

Filed: August 31, 1994

Do Not Publish












* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).