Hubert Lee **LOUDERMILK**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 11–97–00320–CR.

Court of Appeals of Texas, Eastland.

May 6, 1999.

Rehearing Overruled June 24, 1999.

Martin LeNoir, John H. Hagler, Dallas, for appellant.

Tom O'Connell, Criminal Dist. Atty., McKinney, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and BOB DICKENSON, Senior Justice.*

## OPINION

BOB DICKENSON, Senior Justice (Assigned).

The jury convicted Hubert Lee Loudermilk of the misdemeanor offense of "failure to leave identification at an accident," [1] and the judge assessed his punishment at confinement for 30 days. His application for community supervision was denied. We reverse and remand.

### Background Facts

The evidence is undisputed that appellant was involved in a motor vehicle collision on January 15, 1994, at about 1:00 a.m. in the intersection of Plano Parkway and the northbound access road for the Dallas Tollway. At that time, the tollway was under construction. There were traffic lights which were in operation at the

intersection. Appellant's car was in the northbound access road, and the other car was going East on Plano Parkway. Appellant's car was hit on the driver's side door by the front of the other vehicle.

Each driver testified that the other vehicle ran a red light. Both drivers testified that they thought the other vehicle had "hit-and-run" without leaving identification. Each driver had a passenger who supported the driver's version.

### Issues Presented

Appellant presents four issues for review pursuant to TEX.R.APP.P. 38.1(e). He argues in his first two issues that the evidence is "legally" and "factually" insufficient to support the conviction, and he argues in his third issue that there is a "fatal variance" between the name of the complainant in the pleadings and in the proof at trial. These three issues will be overruled. He argues in his final issue that the trial court erred in failing to give his requested charge to the jury on his "mistake of fact" defense. This issue will be sustained.

### Sufficiency of Evidence

■ Testimony by the driver of the other vehicle and her passenger that their vehicle received extensive damage and that appellant left the scene of the accident without giving them the information required by statute is both "legally" and "factually" sufficient to support the jury's verdict that appellant was "guilty" of failing to leave identification at an accident. The first two issues for review are overruled. See, e.g., *Clewis v. State*, 922 S.W.2d 126 (Tex.Cr.App.1996).

### The Claim of Fatal Variance

■ Appellant argues in his third issue that there is a "fatal variance" between the

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. See TEX. TRANSP. CODE ANN. §§ 550.022 & 550.023 (Vernon 1999). At the

time of the accident, the offense was defined at TEX.REV.CIV.STAT. art. 6701d, §§ 38 & 40 (1987).

complainant's name on the information and complaint when compared with the proof at trial. The information and complaint identify the complainant as "Melinda K. Porter." When she testified, the complainant identified herself as "Melinda Porter Rangel," and she identified herself as the driver of the car which was involved in the collision with appellant's vehicle. On cross-examination, appellant's trial counsel referred to the complainant as "Ms. Porter," and she did not correct him. On re-direct examination, the State's attorney referred to the complainant as "Ms. Rangel," and she did not correct him. On further cross-examination, appellant's trial counsel referred to the complainant as "Ms. Rangel–Porter," and she did not correct him. This is not a "fatal variance"; the variance between the State's pleadings and the proof at trial did not operate to appellant's surprise, nor did it prejudice his rights. See, e.g., *Stevens v. State*, 891 S.W.2d 649, 651 (Tex.Cr.App.1995).

### Requested Charge on Statutory Defense

■ Appellant argues in his fourth issue that the trial court erred in failing to charge the jury on mistake of fact. TEX. PENAL CODE ANN. § 8.02(a) (Vernon 1994) provides:

It is a defense to prosecution that the actor *through mistake formed a reasonable belief* about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense. (Emphasis added)

The trial court defined the offense of "Failure to Leave Identification at an Accident" and instructed the jury that the driver of any vehicle involved in an accident resulting in property damage "shall remain at the scene of such accident" until he has fulfilled the following requirements:

He shall give his name, address, the registration number of the vehicle he is driving, and the name of his motor vehicle liability insurer *to the person struck or the driver or occupant of or person*

*attending any vehicle with which he collided.* (Emphasis added)

Appellant testified that he knew he had been in a motor vehicle collision when the other car ran into the left side of his car. He said that after the collision he pulled his car out of the way of traffic, thought the other car had gone on, and did not see the other vehicle after the collision. Traffic was moving in both directions on both roads, and neither he nor his passenger saw the other vehicle which had come to rest below an overpass. Appellant said that he had no reason to believe that the other vehicle was still there. It was "a real cold night," and he was shaken up. Appellant's shoulder was injured, and he had physical therapy as a result of the motor vehicle collision. He could not open the door on the driver's side of his car, and a lot of glass was broken out of the windows on his car. Appellant drove to his passenger's house and later called "9–1–1" from there to report the accident. Appellant testified that he thought the other driver had run a red light, hit him broadside, and then left the scene. Appellant said that he left the scene because he believed there was nobody "back there" at the intersection where the collision occurred.

Appellant's passenger, Jay Sedita, testified that he works for Texas Instruments and that appellant has been his friend for "well over 12 years." Sedita testified that the other car hit them on the driver's side; that, after they stopped, appellant pulled forward and got off of the lane of traffic and onto the left shoulder; that traffic was flowing as if nothing had happened; and that he could not see the other vehicle back at the intersection where the collision occurred. The view was blocked by the overpass construction. Sedita said that the area appeared very desolate and that it was real cold. Appellant appeared to be going into shock, and Sedita wanted to get him home. Sedita thought that they had the green light and that the other vehicle

had run a red light, hit them broadside, and then left the scene.

The Court of Criminal Appeals said in *Miller v. State*, 815 S.W.2d 582, 585 (Tex. Cr.App.1991):

> It is well-settled that ... an accused has the right to an instruction on any defensive issue raised by the evidence, whether such evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of this evidence.... It is equally well-settled that an accused is thus entitled to that instruction whether the issue is raised by a defendant's testimony alone or otherwise.

The State cites *Thibodeaux v. State*, 726 S.W.2d 601, 604 (Tex.App.—Houston [14th Dist.] 1987, pet'n ref'd), as an exception to the general rule. In that case, the defendant testified that he "took the clip out of his pistol and was thus unaware the gun was loaded." The court held that his "failure to look in the chamber of the pistol [was] unreasonable under the circumstances." The only case cited on this point by *Thibodeaux* is *Miller v. State*, 666 S.W.2d 564 (Tex.App.—Houston [14th Dist.] 1984, no pet'n). In that case, the defendant claimed that he had measured a short-barrel shotgun and that he thought it was long enough to be legal. The gun was measured in front of the jury, and it was only 16.75 inches long. The court held that the claimed belief was not reasonable under the circumstances. Those cases are distinguishable on their facts. Our case comes within the general rule which is stated in the later *Miller* case, 815 S.W.2d at 585. It was a question for the jury to decide if it was reasonable to expect appellant to walk back to a desolate intersection on a cold night when he was in shock. We note that appellant and his passenger both testified that traffic was moving normally in both directions, that they did not see the other vehicle after their vehicle was moved out of the lane of traffic, and that they thought they were the victims of a "hit-and-run" accident caused by the other driver running a red light and hitting them broadside on the driver's side of the car.

Appellant was entitled to the requested instruction under Section 8.02(a). It was a question for the jury to determine whether appellant "through mistake formed a reasonable belief about a matter of fact" which negated the culpability required for commission of the offense. Under the charge which was given, appellant was required to remain at the scene until he had given the statutory information to the "driver," "occupant," or "person attending" the vehicle with which he collided. The jury might or might not have found that appellant's mistaken belief was reasonable, but the defensive issue is raised by the evidence. The charge was timely requested, and the trial court erred when it refused to charge the jury to acquit if it found that appellant's mistake of fact was based upon a "reasonable belief" that neither the "driver ... occupant ... or person attending [the] vehicle" were still at the scene of the accident. The fourth issue presented for review is sustained.

The judgment of the trial court is reversed, and the cause is remanded for trial.