*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00445-CR

Tony Lee **HICKSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 40994
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed: May 26, 2010

AFFIRMED

In two issues on appeal, Tony Lee Hickson challenges his conviction for burglary of a

habitation. We affirm the judgment of the trial court.

### BACKGROUND

On the evening of February 3, 2008, Janet Deems was at her home in Kerrville sitting at her

desk when a man abruptly entered the house through an unlocked door. Deems recognized the man

as Tony Hickson, her daughter's ex-boyfriend. Tony told Deems he wanted to know why she was

ruining his life, and then pulled a knife out of his back pocket and pointed it at Deems. Deems described the knife as dark in color—either black or gray—with metal studs. She stated the blade was about three or four inches long. Hickson asked for money; Deems told him she did not have any cash on hand, and he then asked her to write a check. When Deems told Hickson there was no money in her checking account, he again pointed the knife at her and told her to take off her clothes, "because I'm going to make love to you right now." While Hickson was demanding Deems take her clothes off, he was standing three to four feet from her and pointing and waving the knife toward her. Hickson picked up a pair of scissors from the desk and put them in his pocket. The third time he asked her to take off her clothes, Deems said, "Tony, this is insane. I'm as old as your mother. Would you rape your mother?" At that point, Hickson fell to his knees and began to sob, telling Deems that he could never hurt her. He stood up, closed the knife, returned the scissors to Deems, and left the house. Deems did not report the incident to police for over 36 hours because she was afraid Hickson might return.

Hickson was charged with burglary of a habitation with a deadly weapon while committing or attempting to commit aggravated assault or aggravated robbery.[1] *See* TEX. PENAL CODE ANN. § 30.02(a)(3) (Vernon 2003). The jury found him guilty as charged, and assessed punishment at 55 years' confinement. Hickson timely appealed, arguing (1) the evidence is legally and factually insufficient to establish he used a deadly weapon during commission of the offense, and (2) the trial court erred in denying his request for a jury instruction on the lesser-included offense of criminal trespass.

---

[1] In a "special issue," the jury found that Hickson did not enter Deems' residence with intent to commit a sexual assault or attempt to commit a sexual assault.

## DISCUSSION

Hickson first complains the evidence is legally and factually insufficient to prove he used or displayed a deadly weapon during the burglary of Deems' residence. When reviewing the legal sufficiency of the evidence, we consider whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In considering a factual sufficiency challenge, we look at the evidence in a neutral light giving almost complete deference to the jury's determinations of credibility. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We reverse only if the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust or if the evidence supporting the verdict is outweighed by the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

A knife is not a deadly weapon *per se*, but becomes a deadly weapon if, in the manner of its use or intended use, it is *capable* of causing death or serious bodily injury. *See* Tex. PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon Supp. 2009) (emphasis added); *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). We must evaluate the capability of a weapon to cause serious bodily injury or death in light of the facts surrounding the particular offense. *See Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991); *Brown v. State*, 716 S.W.2d 939, 946-47 (Tex. Crim. App. 1986). Factors to consider include the size, shape, and sharpness of the knife; the manner of its use or intended use; the nature or existence of inflicted wounds; evidence of the knife's life-threatening capabilities; the physical proximity between the victim and the knife; and any words spoken by the person using the knife. *Magana v. State*, 230 S.W.3d 411, 414 (Tex. App.—San Antonio 2007, pet.

ref'd). In order to establish the knife was a deadly weapon, the State need not introduce the knife itself or a facsimile into evidence, and need not prove any wounds were actually inflicted or that "serious bodily injury" actually occurred. *Id.*; *Victor v. State*, 874 S.W.2d 748, 751-52 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

Hickson relies on this court's decision in *Rivera v. State*, 271 S.W.3d 301 (Tex. App.—San Antonio 2008, no pet.), to support his contention that where, as in this case, the alleged knife is not introduced into evidence, there must be a detailed description of the knife's characteristics and, if not, there must be clear evidence that the particular knife was used to cause serious or life-threatening injuries. In *Rivera*, this court held that the evidence was factually insufficient to support the deadly weapon finding because none of the witnesses provided a clear description of the knife, including its size or the length of the blade. *Id.* at 306. Similarly, Hickson relies on *Blain v. State*, 647 S.W.2d 293 (Tex. Crim. App. 1983), in which the Court of Criminal Appeals reversed an aggravated robbery conviction where there was no testimony establishing the size of the blade, the appearance of sharpness, brandishing motions, the victim's fear of serious bodily injury or death, and there was no wound inflicted. *Id.* at 294.

Here, in contrast to *Rivera* and *Blain*, the complainant provided a clear description of the knife. Deems testified that the knife was dark in color with metal studs and that the blade was three or four inches long. Hickson directed the pointed end of the knife at her and waived the knife as he asked her to take her clothes off. Deems also stated that the knife was a folding knife because she saw Hickson pull the blade out from the handle. She further testified that Hickson was standing approximately three to four feet from her during the encounter and that she was afraid he was going

to do something really bad to her. We hold this evidence is both legally and factually sufficient to support the jury's deadly weapon finding. Accordingly, Hickson's first issue is overruled.

In his second issue, Hickson asserts the trial court erred in denying his request for a jury instruction on the lesser-included offense of criminal trespass. A defendant is entitled to a charge on a lesser-included offense if: (1) the offense is a lesser-included offense of the alleged offense, and (2) some evidence is adduced at trial to support such an instruction. *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007); *De Vaughn v. State*, 239 S.W.3d 351, 355 (Tex. App.—San Antonio 2007, pet. ref'd). Applying the first step of the analysis here, the Court of Criminal Appeals has already held that the offense of criminal trespass is a lesser-included offense of burglary. *See Day v. State*, 532 S.W.2d 302, 306 (Tex. Crim. App. 1975); *De Vaughn*, 239 S.W.3d at 356. Therefore, we next consider whether there was evidence adduced at trial that supported giving the instruction to the jury. *See Hall*, 225 S.W.3d at 536. A defendant is entitled to an instruction on a lesser-included offense if the proof for the charged offense includes the proof necessary to establish the lesser-included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense. *Id.*; *Williams v. State*, 796 S.W.2d 793, 799 (Tex. App.—San Antonio 1990, no pet.).

The elements of burglary of a habitation, as charged here, are: (1) a person, (2) without the effective consent of the owner, (3) intentionally and knowingly, (4) enters a habitation, (5) and commits or attempts to commit aggravated assault or aggravated robbery. *See* Tex. Penal Code Ann. § 30.02(a)(3) (Vernon 2003). A person commits the offense of assault if that person intentionally or knowingly threatens another with imminent bodily injury. *Id.* § 22.01(a)(2) (Vernon Supp. 2009). Assault becomes aggravated assault if the person committing the assault uses or

exhibits a deadly weapon during the commission of the assault. *Id.* § 22.02(a)(2) (Vernon Supp. 2009). A person commits the offense of robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(2) (Vernon 2003). The offense becomes aggravated robbery when the actor uses or exhibits a deadly weapon. TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 2003). The elements of criminal trespass applicable to this case are that: (1) a person, (2) knowingly, intentionally, or recklessly, (3) enters or remains in a habitation, (4) without the effective consent of the owner, (5) having notice[2] that entry was forbidden. *See* Tex. PENAL CODE ANN. § 30.05(a) (Vernon Supp. 2009).

Here, the evidence established that Hickson entered Deems' house without her consent, pointed and waived a knife at her within striking distance, made hostile statements to her concerning the fact that she ruined his life, and demanded money from her. The evidence further showed that Deems was afraid of Hickson and worried that he was going to do something really bad to her. In contrast, no affirmative evidence was produced negating the jury's finding that Hickson entered Deems' residence and committed or attempted to commit aggravated assault or aggravated robbery. *See e.g. Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003) (holding that there must be some evidence directly pertaining to the lesser included offense for the jury to consider before an instruction is warranted). Although Hickson argues he did not actually take any property from Deems' home or physically assault her, the undisputed evidence shows that he attempted to. *See, e.g., White v. State*, 671 S.W.2d 40, 41 (Tex. Crim. App. 1984) (noting that no completed theft is

---

[2] In *Salazar v. State*, 284 S.W.3d 874, 878 (Tex. Crim. App. 2009), the Court of Criminal Appeals held that "a habitation *inherently* provides notice that entry is forbidden."

required for the proscribed conduct to constitute the offense of robbery under section 29.02). Accordingly, there is no evidence in the record that would permit a jury to conclude that, if guilty, Hickson is guilty only of the lesser-included offense of criminal trespass. Therefore, Hickson was not entitled to an instruction on criminal trespass. Hickson's second issue on appeal is overruled, and the judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice

Do not publish