

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0759-21

### JOSE JUAN CHAVEZ, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTEENTH COURT OF APPEALS CHAMBERS COUNTY

**NEWELL, J., filed a concurring opinion.**

I join the Court's opinion. It accurately sets out existing law regarding whether Appellant was entitled to instructions on the lesser-included offenses of kidnapping or felony murder. It correctly applies that law by holding that there was no affirmative evidence that negated (or provided a valid rational alternative to) the greater offense of capital

murder. And it avoids the temptation to recalibrate the gravitational constant of the universe to justify its conclusion.

As for the need to tinker with the court-made,[1] guilt-only/valid-rational-alternative test, I do not see the urgency for such half-measures. With one notable exception, I cannot find any decisions from this Court in which we have held that a juror's ability to disbelieve evidence establishing the greater offense requires an instruction on a lesser-included offense.[2] Our conflicting-inferences case law starts from the proposition that there must be some affirmative evidence presented to the jury that negates the greater offense if the jury believes it.[3] It is a tricky nuance to be sure, but as the SPA aptly describes it, "a dispute in the evidence can raise a lesser, but an inconsistent witness is not

---

[1] *Wade v. State*, ___S.W. 3d___, 2022 WL 1021056, at *4 (Tex. Crim. App. Apr. 6, 2022).

[2] *See, e.g., Jones v. State*, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998) (analyzing "whether there is any evidence in the record from any source to indicate if appellant was guilty, he was guilty only of the lesser included offense" and relying upon defendant's testimony negating theft element of robbery to support lesser-included); *Bell v. State*, 693 S.W.2d 434, 439-43 (Tex. Crim. App. 1985) (recognizing the second step of the lesser-included analysis is "whether there is some evidence that appellant, if guilty, is guilty only of the lesser included" and relying on defendant's testimony to negate intent or knowledge and raise the lesser); *Lugo v. State*, 667 S.W.2d 144, 149 (Tex. Crim. App. 1984) (the trial court erred to refuse lesser included raised by defendant's testimony); *Thompson v. State*, 521 S.W.2d 621, 624-25 (Tex. Crim. App. 1974) (defendant's testimony that he did not fire at the officer and did not intend to kill the officer raised the issue of lesser included offense of aggravated assault).

[3] *See Lugo*, 667 S.W.2d at 149; *Cf. Saunders v. State*, 840 S.W.2d 390, 392 (Tex. Crim. App. 1992) (relying on different interpretations of evidence to support lesser-included offense instruction one of which refutes or negates an element of the greater offense and raises the lesser offense); *but see McKinney v. State*, 627 S.W.2d 731, 732 (Tex. Crim. App. 1982) (if, however, a defendant simply denies commission of the offense, there is no evidence presented to show guilt of only a lesser offense).

necessarily the same thing."  Disbelieving a witness whose testimony establishes an element of a greater offense is not the same thing as believing some testimony that affirmatively negates an element of a greater offense.  In this case, as the Court holds, there was no affirmative evidence capable of even an inference that would negate the greater offense, so the trial court did not err in refusing instructions on the requested lesser offenses.

However, in *Saunders v. State*, the Court seems to have failed to appreciate this distinction.[4]  There, we held in a circumstantial evidence case involving the death of a baby from multiple head injuries, that the evidence of injury was open to different interpretations regarding the defendant's apprehension of risk.[5]  This is the only example I can find in which we have arguably held that a jury should have been instructed on a lesser-included offense based upon the possible disbelief of evidence establishing the greater offense.  But *Saunders* appears to be an outlier when considering the number of "conflicting inference" cases that are nevertheless based upon the existence of affirmative evidence

---

[4] *Saunders*, 840 S.W.2d at 392.

[5] *Id.*

negating the greater offense.[6]  It appears to be a mistake not a trend. The Court certainly doesn't rely upon it in this case.

But even accepting the proposition that there is a significant conflict in approaches for determining when to give a defendant an instruction on a lesser-included offense, it is hard for me to see enough of a dilemma to justify narrowing the guilt-only test.  We already accept that the State is entitled to a jury instruction on a lesser-included offense even when there is no affirmative evidence negating the greater offense.[7]  And this is despite our recent holding that trial courts are required (apparently by statute) to instruct juries that they cannot consider a lesser-included offense unless they have a reasonable doubt about the greater.[8]

So, when the State asks for a lesser, we allow juries to consider a lesser-included offense even when they simply disbelieve the evidence establishing the greater.  We do not even require that the jury be

---

[6] *Supra*, note 2.

[7] *Grey v. State*, 298 S.W.3d 644, 651 (Tex. Crim. App. 2009) (when requested by the State, the submission of a lesser-included offense does not require some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense).

[8] *Sandoval v. State*, No. AP-77,081, ---S.W.3d---, 2022 WL 17484313, at *28 (Tex. Crim. App. Dec. 7, 2022) ("We agree with an observation by the First Court of Appeals that the statutory wording of Article 37.08 necessarily means that a 'unanimous finding of guilt on a lesser-included offense necessarily requires a unanimous acquittal on the higher offense.'").

rational in doing so. Defendants, however, must still point to some affirmative evidence negating the greater offense before they can even alert the jury to the existence of a possible lesser-included offense. This inconsistency in treatment is far more problematic than any potential fallout from *Saunders*. Making it harder for a defendant to get a lesser-included instruction when the State need only ask for one will not add any great clarity to our jurisprudence.

A meaningful way to clarify our jurisprudence regarding jury instructions would be to treat jury charge issues like we treat any other procedural issue.[9] If no objection is made, reviewing courts should address whether the complaint is the type that can be raised for the first time on appeal.[10] If it isn't, reviewing courts should consider whether it has procedurally defaulted. If it hasn't, consider the merits. If there was error, decide whether it was structural or resulted in either constitutional or non-constitutional harm. As it stands now, we handle it backwards by addressing the merits through the prism of harm depending upon whether there was an objection or not.[11] Getting away

---

[9] *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993).

[10] *See Do v. State*, 634 S.W.3d 883, 904-05 (Tex. Crim. App. 2021) (Newell, J., concurring).

[11] *Id*.

from treating jury instructions differently from other issues would go a long way to providing clarity to the bench and bar.

At the very least, we could get rid of the guilty-only/valid-rational-alternative test altogether. We have already noted on more than one occasion that it is not required by statute.[12] Given its asymmetrical application, it inherently causes inconsistent outcomes. Further, it provides a vehicle by which judges can substitute their view of the persuasiveness of evidence raising a lesser-included offense under the guise of "rationality."[13] Or at least it does when the request for a lesser comes from the defendant.

Indeed, adhering to this rule when the statutory text does not require it also undermines any claim regarding the importance of following statutory text. It certainly does nothing to advance the argument that the evidence in this case raised the lesser-included offense. Jettisoning the guilty-only/valid-rational-alternative test altogether would at least be intellectually honest.

But, but, but . . . won't this result in unwieldy jury instructions that incorporate every lesser-included offense under the sun? Perhaps. So

---

[12] *Wade*, 2022 WL 1021056, at *4; *Grey*, 298 S.W.3d at 648-49.

[13] *See, e.g., Wade*, 2022 WL 1021056 at *11 (Keller, P.J., dissenting).

what?  Reviewing courts do not have a vested interest in limiting or expanding the instances in which a jury can consider whether to convict on a lesser-included offense.  The statute takes care of that.  It requires trial courts to instruct on "the law applicable to the case."[14]  If that results in bloated jury charges, it is the legislature's job to fix it.  Reviewing courts should not be in the business of substituting their policy preferences for those of the legislature simply because the courts think a particular result is better.[15]  And refusing to consider whether an inference from affirmative evidence could have created a reasonable doubt about the greater offense would risk shifting the burden of persuasion and production to the defendant.[16]

Of course, the same bloated-jury-charge argument could have been made when we abandoned the guilty-only/valid-rational-alternative test for the State requests for instructions on the lesser.  Nevertheless, there seems to be the belief that the State would have a strategic reason not to junk up the jury charge with every lesser-included offense instruction possible.  Perhaps a defendant has less of a

---

[14] Tex. Code Crim. Proc., art. 36.14.

[15] *Fraser v. State*, 583 S.W.3d 564, 572 (Tex. Crim. App. 2019).

[16] *See Patterson v. New York*, 432 U.S. 197, 215 (1977) (noting that the State must prove every element of an offense beyond a reasonable doubt and that it may not shift the burden of proof to the defendant by presuming an element upon proof of other elements of the offense).

strategic interest to limit his or her requests for a lesser-included instruction. But if there is no strategy involved in whether to request a lesser-included instruction, then we should stop treating such instructions like defensive issues altogether.[17]

Not that we need to do any of that here. Following existing law resolves the case, which is what the Court does. That is why I join the Court's opinion.

Filed: April 19, 2023

Publish

---

[17] *See, e.g., Delgado v. State*, 235 S.W.3d 244, 250 (Tex. Crim. App. 2007) ("Because of the strategic nature of the decision, it is appropriate for the trial court to defer to the implied strategic decisions of the parties by refraining from submitting lesser offense instructions without a party's request.") (quoting 43 George E. Dix & Robert O. Dawson, Criminal Practice and Procedure § 36.50 at 202 (Supp. 2006)).